**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JULIA L. SUTTLE,

                Plaintiff,

       v.                               15-CV-0459-A
                                              **ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____

        Plaintiff's attorney has filed a motion for approval of her fee pursuant to 42 U.S.C.

§ 406(b).  Before approving counsel's fee, the Court must perform an "independent

check[]" of the request.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Upon such

review, the Court may approve a "reasonable fee."  42 U.S.C.  § 406(b).  After its

independent check, and for the reasons stated below, the Court finds that counsel's

requested fee of $2,580 is reasonable in this case.

## BACKGROUND

        On May 22, 2015, counsel filed a complaint in this Court pursuant to 42 U.S.C.

§ 405(g).  The complaint sought review of the Commissioner's decision denying Plaintiff's

application for Social Security benefits.  *See* Docket No. 1.  Before any briefing was filed,

however, the parties stipulated that the case should be remanded to the Commissioner

for further proceedings.  On remand, the Administrative Law Judge issued a decision in

favor of the Plaintiff.  The Commissioner, however, withheld 25 percent of the Plaintiff's

past-due benefits (totaling $16,373.25) for possible attorneys' fees.

Counsel then filed a motion for fees pursuant to 42 U.S.C. § 406(b), which is now before the Court. Counsel's motion seeks $2,580 of the $16,373.25 that the Commissioner has withheld from the Plaintiff's past-due benefits. In support of her motion, counsel states that she spent 8.6 hours on her representation of the Plaintiff before the Court.

## DISCUSSION

### A. Standard for awarding fees under § 406(b)

The Social Security Act allows an attorney who successfully represents a Social Security claimant "before the court" to petition that court for "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has held that § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Towards that end, "Congress has provided" courts with "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* (citing 42 U.S.C. § 406(b)).

"Within the 25 percent boundary," an attorney must show that "the fee sought is reasonable for the services rendered." *Id.* In other words, an attorney's fee is not presumptively recoverable simply because it is equal to or less than 25 percent of the client's recovery. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable.'" *Id.* n.17 (internal quotation marks omitted). "[T]he attorney bears

the burden of persuasion that the statutory [reasonableness] requirement has been satisfied." *Id.*

The Supreme Court has identified several factors that a court may use to assess the reasonableness of a contingent fee requested under § 406(b). First, a court may consider "the character of the representation and the results the representative achieved." *Id.* at 808. Second, a court may reduce an attorney's requested fee if the court finds that the attorney is responsible for delay in obtaining a judgment. In other words, because the attorney's fee is contingent on her client's recovery of past-due benefits, and because past-due benefits increase the longer a case lingers, the court may appropriately reduce a fee "so that the attorney will not profit" from delay that is attributable to her. *Id.* And third, a court may reduce a fee if the court concludes that the benefits recovered—which drive the size of an attorney's potential fee—"are large in comparison to the amount of time counsel spent on the case." *Id.*

The Supreme Court and the Second Circuit have also identified two factors that act as a check on a court's reduction of an attorney's requested fee under § 406(b).

First, courts must be mindful that "payment for an attorney in a social security case is inevitability uncertain." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Thus, the Second Circuit has "recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id.* (internal quotation marks omitted). In other words, while "contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases," courts should recognize that "a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more

3

than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Id.*

Second, "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee" under § 406(b). *Id.* Thus, the Court may not evaluate the "reasonableness" of the attorney's fee by engaging in "satellite litigation." *Gisbrecht*, 535 U.S. at 808. The Court should instead evaluate "the reasonableness of the contingency agreement in the context of the particular case." *Wells*, 907 F.2d at 371.

Putting these principles together, a court's task under § 406(b) is, on the one hand, to "give due deference to the intent of the parties," but, on the other hand, to "not blindly approve every fee request made pursuant to a contingent agreement." *Wells*, 907 F.2d at 372. At bottom, a court should consider "whether there has been fraud or overreaching in making the agreement," or "whether the requested amount is so large as to be a windfall to the attorney." *Id.*

### B. Whether counsel's requested fee is "reasonable" under § 406(b)

With these principles in mind, the Court assesses the reasonableness of counsel's requested fee. The Commissioner states that she sees no evidence of fraud or overreaching.[1] Docket No. 16 at 2. Given the facts of this case, the Court agrees.

In assessing the reasonableness of counsel requested fee, the Court has considered that counsel was not required to file a motion for judgment on the pleadings, nor was she required to file a reply. Rather, the parties stipulated to remand before

---

[1] Fees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the Equal Access to Justice Act context, from the public fisc. Thus, unlike a claim for fees under the EAJA, the Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

counsel filed any motion. Balanced against that fact, however, the Court must consider the Second Circuit's reminder that a contingency agreement "is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment." *Wells*, 907 F.2d at 371. Thus, in assessing whether counsel's requested fee is reasonable under § 406(b), the Court is very cognizant of the fact that counsel assumes the risk of nonpayment in all of her Social Security matters.

After considering these facts, the Court concludes that counsel's requested $2,580 fee is "reasonable." 42 U.S.C. § 406(b). The Court finds that counsel's requested fee is not a windfall, *see Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005), that counsel did not delay the resolution of this case, and that counsel's requested fee reasonably compensates an attorney with her experience in handling Social Security claims.

Finally, the Court declines the Commissioner's recommendation that the Court reduce counsel's fee by $1,677 because she did not file a motion for fees pursuant to the Equal Access to Justice Act (EAJA). *See* Docket No. 16 at 7. As the Commissioner notes, the failure to file an EAJA motion may, in some cases, affect the reasonableness of a § 406(b) fee request. Here, however, counsel has requested just 15% of the § 406(b) fee that she was entitled to seek; in these circumstances, and in light of the significant result counsel obtained for her client, a further reduction is inappropriate.

## CONCLUSION

Sarah Frederick's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is granted. The Court finds that counsel is entitled to recover $2,580 for her work on this

5

case. Thus, the Commissioner shall release to counsel $2,580 of the amount she has withheld from the Plaintiff's award.

**SO ORDERED.**


Dated: October 15, 2018                    _s/Richard J. Arcara_____
      Buffalo, New York                 HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT JUDGE